### Frank H. Patt *vs.* Abram D. Perry.

JULY 6, 1916.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Equitable Liens. Life Tenant and Remainder Man.*

Testator devised his estate to his wife for life "for her sole support and comfort, and I direct that she may not be accountable to any one for the expenditure of the same," with remainder over. Complainant under contract with the life tenant performed work and labor and furnished materials over a period of two years on the real estate. On bill in equity to establish a lien against the remainder-man:—

*Held,* that it did not appear that any real "improvement" of the estate was made which inured to the benefit of the remainder-man, but the work was apparently incident to the ordinary acts of the life tenant for her sole convenience.

*Held,* further, that as the life tenant had not seen fit to encumber the estate under the power for complainant's benefit and there was nothing to show

:any equitable consideration between complainant and the remainder-man and complainant was put on notice of her recorded title, he was not entitled to a lien upon the estate.

BILL IN EQUITY.    Heard on appeal of complainants and dismissed.

PARKHURST, J.    This is an appeal from a final decree of the Superior Court for the counties of Providence and Bristol entered February 14, 1916, sustaining a general demurrer of the respondent, Abram D. Perry, for want of equity to a bill of complaint and amendments thereto filed by the appellant, Frank H. Patt, founded on the following facts.

Charles W. Perry, of the city of Providence, died on February 10, 1904, leaving a will set forth in full in a copy thereof attached to the bill of complaint in this cause.    The second paragraph of said will is as follows:  "All the rest and residue of my estate of every name and nature real personal or mixed wherever the same may be located or found of which I may die seized or possessed I give devise and bequeath to my wife Anna G. Perry for and during her natural life for her sole support and comfort and I direct that she may not be accountable to any one for the expenditure of the same.    At her death whenever the same may occur, I direct and bequeath the residue of my said estate to Abraham D. Perry (my brother) and Nancy C. Barnard— Elizabeth Sanford (my sisters) and Eliza Davis and Mary Clemence (sisters of my wife) or their survivors, share and share alike to them and to their heirs forever."

The real estate of said Charles W. Perry so devised consisted of land and buildings in the city of Providence.    Said will was probated April 5, 1904, in the municipal court of said city of Providence.    The widow of said testator, Anna G. Perry, after his death during her life occupied and enjoyed said real estate and the rents and income therefrom.

The bill further alleges as follows:  "Sixth: That on divers dates during the lifetime of said Anna G. Perry, to wit, during the years 1912 and 1913, complainant at the

request and under contract with said Anna G. Perry performed various work and labor and furnished various materials for the necessary improvement and repair of said real estate for which he made a reasonable charge to said Anna G. Perry, to wit, the sum of $119.50.

"Seventh: That said Anna G. Perry paid complainant $18.25 on account of said work and labor done and materials furnished, but deceased December 1, 1914, leaving the balance still unpaid, to wit, the sum of $101.25 besides interest."

The bill further alleges that said Anna G. Perry left no estate and that Abram D. Perry is entitled to the whole of the residuary estate under said will.

The complainant prays for the establishment of a lien upon the estate so devised in remainder and now belonging to the said Abram D. Perry for the amount so claimed to be due and for the payment of his claim out of said estate.

The defendant filed a general demurrer to the bill in the Superior Court for want of equity in the bill, and the demurrer was sustained, decree entered sustaining the demurrer, and the complainant appealed, and upon this appeal the case is before us.

The complainant contends that he is entitled to relief as prayed, under certain general principles of equity, and relies upon 3 Pomeroy Eq. Jur., § 1239 (3d ed.); and further relies upon the case of *Jenks, Petitioner*, 21 R. I. 390.

The citation from 3 Pomeroy Eq. Jur., § 1239 does not support his contention; while the author recognizes certain situations where equitable liens may be decreed, where they arise *ex aequo et bono*, "wholly from considerations of right and justice," yet the author expressly distinguishes cases of expenditure by life tenants; he says: "Sec. 1242. *Expenditure by a Life Tenant.*—In pursuance of the same general doctrine, if a tenant for life, holding under a will, expends money in completing permanently beneficial improvements to the property, *which had been commenced by the testator*, such an outlay is held to constitute a valid claim for reim-

bursement against the reversioner, and an equitable lien upon the property as security for its repayment; while outlays for altogether new and original improvements, being made with full knowledge of the title, would create no such claims." And the author cites in support of this text the cases of *Hibbert* v. *Cooke*, 1 Sim. & St. 552; *Dent* v. *Dent*, 30 Beav. 363; *Dunne* v. *Dunne*, 3 Smale & G. 22; *In re Leigh's Estate*, L. R. 6 Ch. 887; *Sohier* v. *Eldredge*, 103 Mass. 345; *Floyer* v. *Bankes*, L. R. 8 Eq. 115; *Taylor* v. *Foster's Adm'r.*, 22 Ohio St. 255; *Todd* v. *Moorhouse*, L. R. 19 Eq. 69.

These cases fully sustain the text above quoted, although the principle was recognized but not applied in *Sohier* v. *Eldredge, supra;* these cases are directly in opposition to the complainant's claim.

Again the case of *Jenks, Petitioner*, 21 R. I. 390, affords no support to complainant's claim. In that case a life tenant became entitled under a will, containing the following language: "I then give, devise, and bequeath unto my wife, Almina Jenks, all the rest, residue, and remainder of my property and estate, after the payment of my just debts and funeral expenses, for her own use and benefit during her natural life. And at her decease, whatever may remain of my estate, both real and personal, I give, devise, and bequeath in equal moities, one-half unto each of my said children." . . . After payment of debts, etc., there was left only a house and lot of land and some household furniture. The widow having no means of support other than this house and lot caused two houses to be built on the land and gave a mortgage thereon for the money expended in building them. The case was heard upon an agreed statement of facts, to determine whether the mortgage was valid, and it appeared that the estate was permanently improved to the full value of the mortgage ($5,000) by the building of the houses; the remaindermen therefore took the estate with this enhancement.

It was held that she had under the terms of the will power to use some of the estate for her own benefit, and there was

an implied power to mortgage; and that the mortgage, under the circumstances, was a valid exercise of the power; the court also refers to the fact that she had not taken the money out of the estate, but had improved the estate to the full value of the incumbrances, and the value of the remainder was not diminished.

We find nothing in this case to sustain the complainant. While the widow, Anna G. Perry, might if she had seen fit,
(1) under the language of the will have made a mortgage of the estate, if necessary for her "support and comfort," under the authority of *Jenks, Petitioner, supra,* she did not do so. There is nothing in the allegations of the bill to show that either she or the complainant ever had any intention to charge the repairs which he made to the estate; on the contrary it is expressly alleged that the contract was made and the work was done for her and at her request and that she paid a part of the bill, but died before full payment was made. Nor does the bill show, nor can any inference be drawn from its allegations, that any real or substantial "improvement" of the estate was made which inured to the benefit of the remainderman. For all that appears in the allegations of the bill above quoted, the comparatively small amount charged stretching over a period of two years could only have been for such ordinary repairs as would not permanently enhance the value of the estate, and would be incident to the ordinary acts of the life tenant for her sole benefit and convenience.

Assuming that she had an implied power to sell or mortgage the whole or part of the estate "for her sole support and comfort," she saw fit not to do so, but made her contract with the complainant.

We find no support for the complainant's claim to a lien upon this property. Abram D. Perry, at her death, was the sole remainderman (*Perry* v. *Thomas,* 38 R. I. 328) and became entitled to the entire residue, remaining at her death. She had not seen fit to encumber the estate under the power for the complainant's benefit, and there is nothing

in the bill to show that there was any equitable consideration as between the complainant and the defendant wherefrom any lien could be deemed to arise. (See *Ryan* v. *Mahan*, 20 R I. 417.) Her title was of record, and the complainant must be deemed to have had full knowledge of it.

In view of the principle of all the authorities above cited we are of the opinion that the complainant's bill shows no equity for relief.

The decree of the Superior Court appealed from is affirmed, the appeal is dismissed and the case is remanded to the Superior Court with direction to enter its decree dismissing the bill.

*George F. Troy*, for complainant.

*Alfred S. and Arthur P. Johnson, William B. Perry, Lester W. Jenney, George H. Potter*, for respondent.